# EXHIBIT A

SUMMONS

Attorney(s) RADANO & LIDE ATTORNEYS AT LAW

Office Address 78 WEST PARK AVE SUITE 2

Town, State, Zip Code P.O. BOX 1477 VINELAND, NJ
08362

Telephone Number   (856) 691-2500

Attorney(s) for Plaintiff

JESSICA MANGINA

Plaintiff(s)

Vs.

BLACK & DECKER, STANLEY BLACK & DECKER,

APPLICA CONSUMER PRODUCTS, INC., and JOHN DOES 1-10
Defendant(s)   (fictitious name)

# Superior Court of
# New Jersey

CUMBERLAND      COUNTY

LAW              DIVISION

Docket No: CUM-L-636-13

# CIVIL ACTION
# SUMMONS

7-31-13
12:15
#593

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED:   07/26/2013

Name of Defendant to Be Served: APPLICA CONSUMER PRODUCTS, INC.

Address of Defendant to Be Served: 3633 SOUTH FLAMINGO ROAD
MIRAMAR, FL 33027

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 453-4330
COURT HOURS

                    DATE:    JULY 24, 2013
                    RE:      MANGINA VS BLACK & DECKER ET AL
                    DOCKET:  CUM L -000636 13

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON RICHARD J. GEIGER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 453-4335.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: MICHAEL J. GAFFNEY
                            RADANO & LIDE
                            78 WEST PARK AVENUE
                            PO BOX 1477
                            VINELAND        NJ 08360

JUHISA1



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE -- PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT -- OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
285   STRYKER TRIDENT HIP IMPLANTS        291   PELVIC MESH/GYNECARE
288   PRUDENTIAL TORT LITIGATION          292   PELVIC MESH/BARD
289   REGLAN                              293   DEPUY ASR HIP IMPLANT LITIGATION
290   POMPTON LAKES ENVIRONMENTAL LITIGATION  295   ALLODERM REGENERATIVE TISSUE MATRIX
                                          623   PROPECIA

**Mass Tort (Track IV)**
266   HORMONE REPLACEMENT THERAPY (HRT)   281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
271   ACCUTANE/ISOTRETINOIN               282   FOSAMAX
274   RISPERDAL/SEROQUEL/ZYPREXA          284   NUVARING
278   ZOMETA/AREDIA                       286   LEVAQUIN
279   GADOLINIUM                          287   YAZ/YASMIN/OCELLA
                                          601   ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ Putative Class Action   ☐ Title 59

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Melville D. Lide, Esquire | (856) 691-2500 | Cumberland |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Radano & Lide | CUM-L- |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 78 West Park Avenue<br>Post Office Box 1477<br>Vineland, NJ 08362 | Complaint |
| | JURY DEMAND   ☒ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Jessica Mangina, Plaintiff | Jessica Mangina vs. Black & Decker, Stanley Black & Decker, Applica Consumer Products, Inc., and John Does 1-10 (fictitious names) |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES   ☒ NO |
|---|---|
| 605 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes   ☒ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes   ☒ No | ☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ Yes   ☒ No | ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES   ☒ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes   ☒ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Radano & Lide
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

SUPERIOR COURT OF NJ
CUMBERLAND COUNTY

RECEIVED
JUL 2 2 2013

SUPERIOR COURT OF NEW JERSEY
CUMBERLAND CO. CIVIL CASE MGT.

JUL 2 2 2013

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

File No.:      4735-11

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| *Plaintiff* | :SUPERIOR COURT OF NEW JERSEY |
| JESSICA MANGINA | :CUMBERLAND COUNTY LAW DIVISION |
| | : |
| *vs.* | : *Docket No.* CUM-L-636-13 |
| | : |
| *Defendant* | : |
| BLACK & DECKER, STANLEY BLACK | : *CIVIL ACTION* |
| & DECKER, APPLICA CONSUMER | : COMPLAINT AND JURY DEMAND |
| PRODUCTS, INC., and JOHN DOES 1-10 | : |
| (fictitious names) | |

Plaintiff, JESSICA MANGINA, now residing at (correct address from M/A), by way of Complaint against Defendants, BLACK & DECKER, STANLEY BLACK & DECKER, APPLICA CONSUMER PRODUCTS, INC., and JOHN DOES 1-10 (fictitious names), says:

### FIRST COUNT

1.    On Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, then residing in the County of Cumberland, State of New Jersey, was the owner of a "Black & Decker" brand blender, made in Mexico, which included stainless blades.

2.    On the morning of Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, used her Black & Decker blender to make a "smoothie" drink, utilizing, as ingredients, milk, frozen blueberries, strawberries, and bananas.

3.    After utilizing the Black & Decker blender to make the "smoothie" as hereinabove described, Plaintiff, JESSICA MANGINA, drank the smoothie

after which she continued her daily activities, unaware of the fact that one of the four stainless steel blades from the blender had broken off and had been ingested by Plaintiff, JESSICA MANGINA, along with the other ingredients in the "smoothie".

4.    On the morning of Wednesday, August 10, 2011, Plaintiff, JESSICA MANGINA, awoke in pain and, when she examined the Black & Decker blender, she realized that one of the four stainless steel blades was missing, causing her to suspect that she had inadvertently swallowed it.

5.    On August 10, 2011, it was determined that Plaintiff, JESSICA MANGINA, had, in fact, inadvertently swallowed the broken blade, resulting in her hospitalization and emergency surgery.

6.    The occurrence of which Plaintiff, JESSICA MANGINA, complains, was proximately caused by a defective product which was designed, manufactured, sold, and placed into the stream of commerce by Defendant, BLACK & DECKER.

7.    As defined in the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., the Black & Decker blender was defective and was not reasonably fit, suitable, or safe for it intended purpose because the blade broke under normal use, as a result of being improperly designed and/or manufactured.

8.    Under the circumstances hereinabove described, Defendant, BLACK & DECKER, is strictly liable in tort for the injuries and damages which have been suffered by Plaintiff, JESSICA MANGINA.

9.    As a further direct and proximate result of the failure of the defective Black & Decker product, Plaintiff, JESSICA MANGINA, was caused to suffer temporary and permanent injuries, was caused to be hospitalized, and to incur extensive medical expenses, was caused to be placed in fear of her eminent death, was caused and will be caused to endure tremendous pain and suffering, was caused and will be caused to suffer great anxiety, and was otherwise injured and damaged, all to her great loss and detriment.

2

ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

WHEREFORE, Plaintiff, JESSICA MANGINA, demands Judgment against the Defendant, BLACK & DECKER, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit, and such other relief as the Court may deem just.

## SECOND COUNT

1.  On Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, then residing in the County of Cumberland, State of New Jersey, was the owner of a "Black & Decker" brand blender, made in Mexico, which included stainless blades.

2.  On the morning of Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, used her Black & Decker blender to make a "smoothie" drink, utilizing, as ingredients, milk, frozen blueberries, strawberries, and bananas.

3.  After utilizing the Black & Decker blender to make the "smoothie" as hereinabove described, Plaintiff, JESSICA MANGINA, drank the smoothie after which she continued her daily activities, unaware of the fact that one of the four stainless steel blades from the blender had broken off and had been ingested by Plaintiff, JESSICA MANGINA, along with the other ingredients in the "smoothie".

4.  On the morning of Wednesday, August 10, 2011, Plaintiff, JESSICA MANGINA, awoke in pain and, when she examined the Black & Decker blender, she realized that one of the four stainless steel blades was missing, causing her to suspect that she had inadvertently swallowed it.

5.  On August 10, 2011, it was determined that Plaintiff, JESSICA MANGINA, had, in fact, inadvertently swallowed the broken blade, resulting in her hospitalization and emergency surgery.

6.  The occurrence of which Plaintiff, JESSICA MANGINA, complains, was proximately caused by a defective product which was designed,

ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY 08362-1477
(856) 691-2500

3

manufactured, sold, and placed into the stream of commerce by Defendant, STANLEY BLACK & DECKER.

7.      As defined in the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., the Black & Decker blender was defective and was not reasonably fit, suitable, or safe for it intended purpose because the blade broke under normal use, as a result of being improperly designed and/or manufactured.

8.      Under the circumstances hereinabove described, Defendant, STANLEY BLACK & DECKER, is strictly liable in tort for the injuries and damages which have been suffered by Plaintiff, JESSICA MANGINA.

9.      As a further direct and proximate result of the failure of the defective Black & Decker product, Plaintiff, JESSICA MANGINA, was caused to suffer temporary and permanent injuries, was caused to be hospitalized, and to incur extensive medical expenses, was caused to be placed in fear of her eminent death, was caused and will be caused to endure tremendous pain and suffering, was caused and will be caused to suffer great anxiety, and was otherwise injured and damaged, all to her great loss and detriment.

WHEREFORE, Plaintiff, JESSICA MANGINA, demands Judgment against the Defendant, STANLEY BLACK & DECKER, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit, and such other relief as the Court may deem just.

## THIRD COUNT

1.      On Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, then residing in the County of Cumberland, State of New Jersey, was the owner of a "Black & Decker" brand blender, made in Mexico, which included stainless blades.

2.      On the morning of Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, used her Black & Decker blender to make a "smoothie" drink, utilizing, as ingredients, milk, frozen blueberries, strawberries, and bananas.

ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY  08362-1477
(856) 691-2500

4

3.      After utilizing the Black & Decker blender to make the "smoothie" as hereinabove described, Plaintiff, JESSICA MANGINA, drank the smoothie after which she continued her daily activities, unaware of the fact that one of the four stainless steel blades from the blender had broken off and had been ingested by Plaintiff, JESSICA MANGINA, along with the other ingredients in the "smoothie".

4.      On the morning of Wednesday, August 10, 2011, Plaintiff, JESSICA MANGINA, awoke in pain and, when she examined the Black & Decker blender, she realized that one of the four stainless steel blades was missing, causing her to suspect that she had inadvertently swallowed it.

5.      On August 10, 2011, it was determined that Plaintiff, JESSICA MANGINA, had, in fact, inadvertently swallowed the broken blade, resulting in her hospitalization and emergency surgery.

6.      The occurrence of which Plaintiff, JESSICA MANGINA, complains, was proximately caused by a defective product which was designed, manufactured, sold, and placed into the stream of commerce by Defendant, APPLICA CONSUMER PRODUCTS, INC..

7.      As defined in the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., the Black & Decker blender was defective and was not reasonably fit, suitable, or safe for it intended purpose because the blade broke under normal use, as a result of being improperly designed and/or manufactured.

8.      Under the circumstances hereinabove described, Defendant, APPLICA CONSUMER PRODUCTS, INC., is strictly liable in tort for the injuries and damages which have been suffered by Plaintiff, JESSICA MANGINA.

9.      As a further direct and proximate result of the failure of the defective Black & Decker product, Plaintiff, JESSICA MANGINA, was caused to suffer temporary and permanent injuries, was caused to be hospitalized, and to incur extensive medical expenses, was caused to be placed in fear of her eminent death,

5

was caused and will be caused to endure tremendous pain and suffering, was caused and will be caused to suffer great anxiety, and was otherwise injured and damaged, all to her great loss and detriment.

WHEREFORE, Plaintiff, JESSICA MANGINA, demands Judgment against the Defendant, APPLICA CONSUMER PRODUCTS, INC., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit, and such other relief as the Court may deem just.

## FOURTH COUNT

1.      On Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, then residing in the County of Cumberland, State of New Jersey, was the owner of a "Black & Decker" brand blender, made in Mexico, which included stainless blades.

2.      On the morning of Tuesday, August 9, 2011, Plaintiff, JESSICA MANGINA, used her Black & Decker blender to make a "smoothie" drink, utilizing, as ingredients, milk, frozen blueberries, strawberries, and bananas.

3.      After utilizing the Black & Decker blender to make the "smoothie" as hereinabove described, Plaintiff, JESSICA MANGINA, drank the smoothie after which she continued her daily activities, unaware of the fact that one of the four stainless steel blades from the blender had broken off and had been ingested by Plaintiff, JESSICA MANGINA, along with the other ingredients in the "smoothie".

4.      On the morning of Wednesday, August 10, 2011, Plaintiff, JESSICA MANGINA, awoke in pain and, when she examined the Black & Decker blender, she realized that one of the four stainless steel blades was missing, causing her to suspect that she had inadvertently swallowed it.

5.      On August 10, 2011, it was determined that Plaintiff, JESSICA MANGINA, had, in fact, inadvertently swallowed the broken blade, resulting in her hospitalization and emergency surgery.

ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY  08362-1477
(856) 691-2500

6

6.    The occurrence of which Plaintiff, JESSICA MANGINA, complains, was proximately caused by a defective product which was designed, manufactured, sold, distributed, and placed into the stream of commerce by Defendants, JOHN DOES 1-10 (fictitious names).

7.    As defined in the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., the Black & Decker blender was defective and was not reasonably fit, suitable, or safe for it intended purpose because the blade broke under normal use, as a result of being improperly designed and/or manufacture.

8.    Under the circumstances hereinabove described, Defendants, JOHN DOES 1-10 (fictitious names), is strictly liable in tort for the injuries and damages which have been suffered by Plaintiff, JESSICA MANGINA.

9.    As a further direct and proximate result of the failure of the defective Black & Decker product, Plaintiff, JESSICA MANGINA, was caused to suffer temporary and permanent injuries, was caused to be hospitalized, and to incur extensive medical expenses, was caused to be placed in fear of her eminent death, was caused and will be caused to endure tremendous pain and suffering, was caused and will be caused to suffer great anxiety, and was otherwise injured and damaged, all to her great loss and detriment.

WHEREFORE, Plaintiff, JESSICA MANGINA, demands Judgment against the Defendants, JOHN DOES 1-10 (fictitious names), for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest, costs of suit, and such other relief as the Court may deem just.

### FIFTH COUNT

1.    Plaintiff, JESSICA MANGINA, hereby repeats and incorporates by this reference all of the allegations contained in the First through Fourth Counts of this Complaint as if set forth at length herein.

2.    The occurrence and resulting injuries hereinabove described were proximately caused by the concurrent negligence of Defendants,  BLACK &

7

DECKER, STANLEY BLACK & DECKER, APPLICA CONSUMER PRODUCTS, INC., and JOHN DOES 1-10 (fictitious names).

3.      Under the circumstances hereinabove alleged, Defendants, BLACK & DECKER, STANLEY BLACK & DECKER, APPLICA CONSUMER PRODUCTS, INC., and JOHN DOES 1-10 (fictitious names), are jointly and severally liable for the injuries and damages of which the Plaintiff complains.

WHEREFORE, Plaintiff, JESSICA MANGINA,   demands Judgment against Defendant,  BLACK & DECKER, STANLEY BLACK & DECKER, APPLICA CONSUMER PRODUCTS, INC., and JOHN DOES 1-10 (fictitious names), jointly, severally, and in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and such other relief as the Court may deem just.

DATED:  July 19, 2013

RADANO & LIDE

BY: _____

MELVILLE D. LIDE

## NOTICE PURSUANT TO RULES 1:5-1(a) and 4:17-4(c)

TAKE NOTICE that the undersigned attorneys for the Plaintiff, JESSICA MANGINA, hereby demand, pursuant to rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and Interrogatories and receiving answers thereto serve copies of all such pleadings and answered Interrogatories upon the undersigned attorneys and TAKE NOTICE that this is a continuing demand.

DATED: July 19, 2013

RADANO & LIDE

BY: _____

MELVILLE D. LIDE

RADANO & LIDE
ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY  08362-1477
(856) 691-2500

8

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the undersigned attorneys for the Plaintiff, JESSICA MANGINA, hereby designate Michael J. Gaffney, Esquire, as Trial counsel.

DATED: July 19, 2013

RADANO & LIDE

BY: _____

MELVILLE D. LIDE

## DEMAND FOR JURY TRIAL

TAKE NOTICE that the Plaintiff, JESSICA MANGINA, hereby demands a Trial by Jury on all issues in accordance with the Rules of this Court.

DATED: July 19, 2013

RADANO & LIDE

BY: _____

MELVILLE D. LIDE

## DEMAND FOR INTERROGATORIES

TAKE NOTICE that, pursuant to New Jersey Court Rule 4:17-1, as Amended effective September 5, 2000, Plaintiff, JESSICA MANGINA, hereby demands that Defendant, BLACK & DECKER, STANLEY BLACK & DECKER, APPLICA CONSUMER PRODUCTS, INC., and JOHN DOES 1-10 (fictitious names), provide Answers to "Uniform Interrogatories Form C and C(2)" within the sixty  (60) day time period prescribed by the New Jersey Court Rules and Plaintiff provides the following information with respect to the product: (a) Black & Decker blender with stainless steel blades, (b) Exact details not known, (c) Model BL690 - the blender has already been produced for detailed inspection photographing, (d) Model BL690 - the blender has already been produced for

9

detailed inspection photographing, (e) not applicable, and (f) Plaintiff repeats the detailed allegations contained in the Complaint hereinabove.

DATED: July 19, 2013

RADANO & LIDE

BY: _____

MELVILLE D. LIDE

## CERTIFICATION IN ACCORDANCE WITH RULE 4:5-1

Pursuant to Rule 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other pending actions or proceedings involving the matter in controversy; none are contemplated and I do not presently know the identity of any other party who should be joined.

DATED: July 19, 2013

RADANO & LIDE

BY: _____

MELVILLE D. LIDE

ATTORNEYS AT LAW
78 WEST PARK AVENUE, SUITE 2
P.O. BOX 1477
VINELAND, NEW JERSEY  08362-1477
(856) 691-2500

10